```
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
```
---------------------------------------------------------------
In re:                                              IN BANKRUPTCY
                                                    NO. 10-10085
   STEPHEN MEAD                              Chapter 13
   PAMELA MEAD

                           Debtor.
---------------------------------------------------------------
FIRST NIAGARA BANK,

                                                 Adversary Proceeding No.:

                         Plaintiff,

  -against-                                       **ADVERSARY COMPLAINT**

STEPHEN MEAD
PAMELA MEAD

                         Defendant.
---------------------------------------------------------------

**FIRST NIAGARA BANK** ("Plaintiff"), by its attorneys, Schiller & Knapp, LLP, alleges:

**1.** This is an adversary proceeding objecting to the dischargeability of a debt pursuant to 11 U.S.C. 523(a)(2)(A) and 11 U.S.C. 523 (a)(2)(C).

**2.** This is a core proceeding.

### CLAIM I – 11 U.S.C. 523(a)(2)(A)

**3.** The elements of a claim pursuant to 11 U.S.C. 523(a)(2)(A) are:

    (a) a representation made by a debtor;

    (b) knowing the representation to be false;

    (c) with intent to deceive;

    (d) upon which the creditor justifiably relied to its detriment.

[See: Field v Mans, 116 S.Ct. 437, 446, 133 L.Ed. 2d 351(1995)]

**4.** Bankruptcy Code Section 523(a)(2)(C) directs that a creditor will be deemed to have satisfied its *prima facie* case for non-dischargeability under Section 523(a)(2)(A) when the subject debt consists of:

(a) cash advances by an individual debtor;

(b) aggregating more than $750.00 for consumer credit under an open end plan;

(c) made within 70 days before the bankruptcy filing date.

**5.** On December 28, 2009 and December 29, 2009, both dates within the 70-day period preceding the debtor's Chapter 13 filing on January 14, 2010, the debtor took cash advances aggregating $1,925.00 on her consumer credit line of credit account with the plaintiff. Therefore, plaintiff has established its *prima facie* case under Section 523(a)(2)(C).

**6.** Based upon the foregoing, the charges indicated are presumed to be non-dischargeable; a presumption which cannot be rebutted with mere assertion of honest intent by the debtor. [See: In re: Furio, 77 F.2d 622, 624, 625 (2nd Cir. 1996) "assertion of honest intent will not overcome the natural inferences from admitted facts."]

## DAMAGES

**7.** Plaintiff has been damaged in the sum of $1,925.00 (the total of the cash advance).

**WHEREFORE**, plaintiff demands judgment declaring the aforesaid obligation to be excepted from discharge pursuant to 11 U.S.C. 523(a)(2)(A) and

awarding money damages to plaintiff as detailed herein together with the plaintiff's attorneys' fees and costs.

Dated: Latham, New York
April 21, 2010

By: */s/ William B. Schiller*
**WILLIAM B. SCHILLER** (501000)
Schiller & Knapp, LLP
Attorneys for
First Niagara Bank
950 New Loudon Road
Latham, New York 12110
Phone: (518) 786-9069